The next matter, number 152153, James Lucien v. Lewis Spencer. Good morning, Your Honor. May it please the Court, I represent the appellant in this James Lucien v. Lewis Spencer, and I'm here to present the case of James Lucien v. Lewis Spencer. This case involves very complicated issues, but the overarching and important issue in this case has to be targeted or understood with the weakness of the Commonwealth's case. This is a case where, and there are some complicated procedural issues, but this is a case where there were two primary witnesses against Mr. Lucien. One of those primary witnesses got away from a first-degree murder charge on felony murder and pled out to a six- to eight-month sentence, Mr. Butler. The other of the witnesses, Mr. Edwards, admitted that immediately prior to the shooting, he had a gun on him. That gun, even though allegedly Mr. Lucien was holding a gun on the front seat passengers at that time, Mr. Clark admitted that he took that gun out from under his seat, put it into his waistband, all while Mr. Lucien was putting a gun on him, holding a gun on him, allegedly, during this alleged robbery, then was able to open the door to the car, get out of the car, all while removing or having this gun in his waistband. The victim in this case, Mr. Edwards, testified, well, not testified because he was dead, but in an equivalent of a dying declaration, says the car came from outside the car. Mr. Clark says that he saw a flash. He doesn't say where or how that flash came from. Mr. Clark's testimony was so bad that both the prosecutor and the judge questioned his competency, essentially, with the level of inability to remember details with the history of lies about whether he had a gun or whether he had a knife and a number of other factors. Mr. Lucien has brought this claim under 2254 because the Supreme Judicial Court in Massachusetts, in its decision, finding that there was no evidence of the guilty plea before the jury made a reasonable application of facts to the federal court, president, and state court. There are a number of issues in this case, and due to the length of the briefs, I'd like to focus on the guilty plea issue, the issue of ineffective assistance of counsel with regard to the expert witnesses, and the felony murder issue. As far as the unreasonable application of facts, our position is that this stems from the fact that the SJC did not even understand at the time that they issued its opinion that the guilty plea evidence was before the jury and that no limiting instruction had been given at the time that the jury issued its opinion. We believe that the prosecution's closing argument continued to question and highlight that error by focusing on language that amounted to vouching for the witness butler. The government has argued that Mr. Lucien has procedurally defaulted this issue by his for a number of reasons. One is that at the time of the guilty plea's entrance into evidence, the defense counsel, albeit inartfully, but still cited como fichiampa. Como fichiampa with it requires that a limiting instruction be presented to the jury. The defense counsel submitted written jury instructions to the court that for whatever reason to this day have not been made part of the state record. And we would suggest that that in and of itself is error and would require an evidentiary hearing. If the court found that procedural default had occurred because of the failure to object at the lower level, then the defendant suggests that there was ineffective assistance of appellate counsel in this case. This is an interesting case where the appellate counsel did not Just so I understand something, the plea agreement is relevant to whether your defendant committed the robbery. Correct. When you were recounting the weakness in the case, it seemed that the weaknesses you were identifying were related to who shot whom, not whether there was a robbery. So whether or not there was a robbery is the essential issue in the case because without the felony murder rule... No, I didn't say that. The weaknesses in the case, evidentiary weaknesses you were identifying, related to testimony and statements that went to the issue of who shot the victim. Correct. You didn't identify weaknesses in the evidence with respect to the robbery. There is similar weaknesses with evidence of the robbery. So what are those that would make the entrance of the guilty plea if there was a wrong instruction present at all? One of those issues is the money, the alleged amount of money. Mr. Lucian's, the evidence in the case was that the amount of money that was brought to the scene that day was $850. $850, there was clear testimony at the trial that $850 would be sufficient to buy one ounce of cocaine, which was a contradictory testimony about the amount of cocaine that was being purchased that day. There was some evidence that it was a half an ounce from Mr. Clark and there was some evidence that it was an ounce. And the fact that Mr. Clark himself does not even know the proper amount of cocaine that was to be purchased that day suggests that in fact Mr. Lucian was the victim of the robbery, not Mr. Clark and Mr. Edwards because the amount of money that has always been clear that he brought to the scene that day was sufficient to buy exactly the amount of cocaine that he was seeking out that day. And just so I understand, the error, one possibility is the error about the guilty plea could lead one to believe the testimony of the witness too much. But independent of that, you're also objecting just to the entry of the guilty plea as evidence. As evidence of the robbery, correct? Correct. And because this is beyond a slippery slope. This is the nail in the coffin, this guilty plea. Because if there's a robbery, then there's almost no way to get past the felony murder rule. And so the instructions bearing on, don't take the witness necessarily to be saying the truth, can't cure the entry of the guilty plea into evidence on your view? There would be a separate instruction not to treat the guilty plea as evidence. That's absolutely correct, Your Honor. And the case law I think is replete with references to these entries of these guilty pleas being the kiss of death, the last nail in the coffin. They remove, unless they are incredibly carefully handled, they remove an entire issue from the jury's consideration. And that issue in this case was the fundamental issue in the case. Was there or was there not a robbery? But no instruction not to treat it as evidence was ever made. That's correct. Not as evidence of the guilt. There was some instruction that it's the jury's decision and the jury has to... Was there ever a request for instruction not to treat it as evidence? That is the $24 million question because the defendant's side of the chain... It's got to have an answer being yes for you to win, doesn't it? Not if we're remanded for an evidentiary hearing at some point in time. The defendant cited CHIOMPA. CHIOMPA gives instructions that say you must have some sort of limiting instruction at the time the guilty plea is entered and preferably also at the time... Well, it doesn't say you have to. It says it's strongly recommended particularly where it's an important issue in the case. In this case... I kind of lost my train of thought, but... I lost my train of thought on that, but... I think that this ties into the felony murder issue in this case because subsequent to the Supreme Judicial Court's decision in this case, the Supreme Judicial Court decided the Tejada case. And the Tejada case is fascinatingly parallel to this case. The Tejada case... Why do we even care about Tejada? I mean, it's not his case. His case went up, and he argued, made an argument, that the instructions were inadequate on the felony murder. And the SJC said they were adequate. We tracked the model instructions. They did say that, and that is accurate, Your Honor. However, they... So are you saying the SJC was wrong? Yes. Well, the SJC didn't even... You can't discuss these two issues without interplaying them together because both of them implicate... Both of them implicate the government's burden to prove each and every fact beyond a reasonable doubt. The reason why Tejada matters is because the SJC has now seen, in a different case, the problem of allowing the government to prove an entire murder, first-degree murder case, with only the evidence of a single crime. In Tejada, the facts are the victim ended up doing the shooting, and the government was... And the defendant was held responsible for the shooting that the victim perpetrated. And the SJC has now said that without stronger instructions, that is not acceptable. Just so I understand, are you saying that the mass SJC decision in your case is at odds with Tejada, or are you saying that Tejada shows us that the mass SJC decision in your case was adopting the Tejada rule? Which of those two are you saying? I don't think I'm saying either of those. What I'm saying is that Tejada is instructive as to why Lucien's case was wrongly decided. Because obviously it's decided afterwards. It can't be... And I don't believe the rule is retroactive. That's what I'm saying. In your client's case, are you saying that the mass SJC adopted a rule that you could prove felony murder even if the murder or the killing was done by a non-accomplice? No. What I'm saying is that the instructions in Mr. Lucien's case left the jury to find him guilty. They did. And the SJC said those instructions were fine. What's your theory as to why the SJC thought they were fine in your case? Because there is one line in Mr. Lucien's jury instructions that says that the defendant had to have committed the killing. Because of that and the fact that they followed the murder, the moral jury instructions, the defendant received actually a more beneficial instruction than he was entitled to. However... Is it clear to you... Do you have a view as to what the SJC's position as to what had to be shown with respect to felony murder as to whether a non-accomplice can commit it? I don't think that that issue... I don't think I can comment on what the SJC understood the law to be at that time. So what should we understand it to be at that time? At the time, it was... The same as Tejada or different than Tejada? It's different than Tejada. Tejada, I think, announced it... Narrowed it? Yes, narrowed it. It did exclude non-accomplices. And that was not clearly excluded at the time of Lucien? That's correct. I do not... I believe that... We as attorneys who practice in this area all read that as a new rule. Well, then that means, doesn't it, that the instruction... the defect in the instruction you're identifying wasn't omitting a required element at the time the instruction was given because Tejada hadn't been decided. So mass law of felony murder, as Lucien described it, permitted that element to be omitted. I think that certainly that's the commonwealth's argument in this case, but I think that this case is unique in that we have this issue with the guilty plea. The SJC didn't understand that. I just want to talk about the felony murder instruction point, which I understand is a separate argument. I'm just trying to figure out how you can win on that because if you're saying that the mass SJC in your case said that there was no required element, that it be proved that the accomplice did the killing, then the fact that the instruction in your case omitting that element can give rise to a due process problem. Unless you're saying that due process requires there to be that element. That is what we're saying, that due process requires that... So no state can have a different rule. What about the federal felony murder rule, then? Is that unconstitutional? I don't know if I'm quite confident to go that deeply into the federal... But I believe that, yes, I think there's an element where I think there's a strong argument that if the only thing the government has to prove is that the robbery occurred, and they don't have to prove that at least an accomplice committed the shooting, that that implicates due process because there's no... Was that argued to the SJC that due process prohibited the model jury instructions? What was... No. Then how can it be raised on habeas? What was argued to the SJC was that the instructions in Lucy's case were problematic. But I'm trying to find out why, and if the ground is it omitted an element but state law didn't require that element, was the SJC informed that the instructions were said to omit that element, even though they're the same as the model jury instructions, violate due process? Because if not, then that's defaulted. I don't think that that was fully briefed and argued in that sense. But it doesn't have to be so specifically argued. I mean, it has to be brought up. It doesn't have to be down to that level in order to preserve the issue for habeas. It was certainly argued that the felony murder rule was that the instructions were unfair to the defendant because they were not protective of his right to have proof beyond a reasonable doubt. Whether it was argued to that level that what they argued in Tejeda was argued here, no. But it's preserved enough that the felony murder rule itself is problematic and does have due process questions. As far as... Where was that said? What do we look at to see that what you just said is inaccurate? Which part? That the felony murder rule, as adopted in Massachusetts, was unconstitutional, was a violation of due process. I believe the SJC, in their opinion... It was not unconstitutional. In this case, was it that counsel for Lucien made this argument? Well, I know that the SJC addressed that in their opinion about the felony murder rule. Part of their opinion addressed the felony murder rule. They didn't say in counsel's argument that it's unconstitutional as rejected because it doesn't appear that there's any indication that counsel made that argument to them. In the SJC opinion, if I may, Your Honor, it says, at the beginning of felony murder instruction... I'm sorry. A defendant need not commit an unlawful killing to be responsible for murdering the first degree under felony murder, even if the conduct does not proceed under a theory of joint venture. Right, it doesn't then identify there being a due process challenge to that being the rule in Massachusetts that it then rejects, which makes me wonder, what is a due process challenge to that statement of the Massachusetts law raised by counsel? The SJC opinion only addressed the model jury instructions. I can review the... My belief is that when they address those issues, that implicates due process, but I can review, if Your Honor's wish, the pleadings filed by the counsel for Mr. Lucien and see what is brought up in their opinion. In their brief to the court, in a separate letter. And did you argue in the district court that even if Lucien was correct, beholding Lucien as the matter of state law, the SJC interpreted its own model jury instructions, that that state law would be unconstitutional? Under clearly established laws pronounced by the Supreme Court? We did argue, I think Tehita came out after... I don't believe that we did. Tehita came out after the Judge Wolff's decision in the case and we asked that this court accept that as a... It's just on the Certificate of Unfeasibility to expand... That doesn't help you at all. That's an SJC opinion. Did you argue that under clearly established... Clearly established constitutional law that as established by the United States Supreme Court rendered the model jury instructions or anything comparable there to unconstitutional? Because that's what you're arguing now. Yeah, I believe in relation to the guilty plea. That's why I'm struggling with this whole argument is you can't argue the felony murder issue without looking at the fact that the guilty plea proved the robbery in this case. That the two issues are so intimately intertwined that you can't look at one without the other. Thank you. Good morning, Ms. Badway. Good morning, Assistant Attorney General Eva Badway for the respondent Louis Spencer. The District Court correctly found that the jury instruction relative to the Butler plea is procedurally defaulted. That was the claim that was before the District Court. I want to bring Your Honor's attention to the record. Jamal Butler, a co-participant in the armed robbery testified pursuant to the plea agreement with the Commonwealth. If you look at the November 22, 1995 transcript at pages 51 through 80, it must be noted that counsel did not object to the instruction about Jamal Butler's plea agreement. First, if you look at transcript volume 2, 1121, 1995 at page 15 and 16, defense counsel states, I've ordered the transcript of the plea of Jamal Butler and did not have it at the time. He wanted time to do CHAMPA research. Commonwealth v. CHAMPA was the case at the time that controlled whether or not a plea agreement can be entered. The judge denied the delay. Counsel objected to the delay. And I urge the court to go back and read that part of the transcript so you can see what the CHAMPA instruction is about. Next, at volume 3 of the November 22, 1995, on page 80, there is a discussion between counsel and the judge about CHAMPA. And the defense counsel asks that the document be marked for identification while he does more CHAMPA research. That's at page 81. The judge allowed the agreement to be marked as an exhibit. He said he will speak to the jury about certain passages and allows the prosecutor to read the agreement to the jury. On page 82, the judge identifies exhibit marked number 8 and gives the instruction that the Commonwealth has no way of knowing the witness is telling the truth. There is no objection to that instruction. Page 84, the prosecutor reads the agreement. There is no objection to the instruction. The trial court's instruction concerning the Commonwealth's use of Butler's plea agreement was not erroneous under Massachusetts state law. In CHAMPA, the SJC said, we do not prescribe particular words that a judge should use. We do expect, however, that a judge will focus the jury's attention on the particular care that they must give in evaluating testimony given pursuant to a plea agreement that is contingent on the witness telling the truth. Isn't that a separate issue from whether the plea can be entered as evidence? Your Honor, that issue is not before this court. The issue before the court is whether or not the jury instruction relative to the plea agreement One defect in the jury instruction has to do with how good an instruction it was with respect to whether you should believe the witness testimony. That is correct. That's the claim defect. In the briefing, if I'm reading it right, the other aspect of it is the entry into evidence of the plea. And one thing that you can get an instruction on is an instruction saying even though the plea is there, don't treat it as evidence, I guess is the idea. And there was no such instruction here. That is correct. Was that also procedurally defaulted? Yes, Your Honor, to the extent that the whole instruction there's two different parts where the jury is instructed about this agreement. The first part is what I just laid out to you. The second part is at the end of the trial. And then the judge, if I could just bring your attention to page 185 through 194. That's where all counsel's objections are to all of the jury instructions. And there is no objection about that either. So the whole claim is procedurally defaulted and is not currently before this court. But when he first, I thought there was an initial point where counsel says something like it's a problem to highlight that and then the judge sort of cuts off and says thank you. And he says I'll let him know. I think if I'm not mistaken is that you're on page 82 of the November 22, 1995 day of transcript. And there is a discussion between the judge and counsel about CHAMPA. But then the prosecutor asks the judge may I read the agreement? And he allows him to read the agreement and gives the instruction. It says we have no way of knowing whether or not this person is telling the truth just because of the agreement with the Commonwealth. So in the initial part there is that discussion. But according to Massachusetts Rules of Procedure there is no objection. And that is clear. And I urge you to go back and review that part of the record. Now you know that habeas review can only be granted. I mean this is a state law issue decided on state grounds. And was the SJC incorrect that the plea agreement was before the jury? Yes they were. But they decided it on state law grounds not on federal constitutional grounds. And for that reason habeas is precluded. And I urge you to... The state law ground being the procedural default? The procedural default. And for that reason I urge you and counsel has not shown cause or prejudice to excuse the default. And I urge you to affirm the district court's procedural default finding. There is also another jury instruction claim about felony murder. And the SJC was very clear that this petitioner received more than he was entitled to when the judge said that the defendant had to commit the murder. Isn't that just not what the instruction says though? Everyone keeps saying that's what the instruction says it literally does not say that. It just says they're allowed to find it. It does not say that the jury must find that he killed. That is correct. But that's how the district court characterizes what the instruction says. And if you would like to... But I urge you to go and look at the instruction as a whole and you will see that the instruction does give... So you know what felony murder is the intent is substituted for the armed robbery. So it's the intent to commit the armed robbery because you can be sentenced to life in jail for armed robbery in Massachusetts that's what's transferred. But it doesn't have to be the defendant. If Jamal Butler committed the armed robbery the defendant could... they can equally be liable. I'm just trying to walk through one ground for why there's no problem here that is given by the district court is that the instruction was overly friendly and doesn't require the killer. I look at the instruction and I actually don't see any words in the instruction that actually require the jury to find that. And then you just accurately said in fact state law doesn't require you. So it seems odd to read the instruction which tracks the model jury instructions to read an instruction that is consistently erroneous. That is correct. So if I reject that as a reason for finding no prejudice. For the felony murder instruction? Yeah. So we want to talk about the standard review? Well no, I want to just know if... Another reason might be the state supreme court in Lucien, SJC did not require you to prove that an accomplice did the killing. No, the SJC just said that the trial judge's jury instruction tracked the model jury instruction and that there was no error. And then it said part of the reason was because it was overly friendly to the defendant because it required the jury to find that the defendant killed the person. That's one ground they said, correct? I think that he said that they received more than he was entitled to. And the thing that was more than he was entitled to was the instruction that they had to find him to be the killer. That's correct, that the defendant actually did the killing. Right, and if I say, I look at the instruction, it just doesn't say that. Yes. Okay, the other ground that the SJC seems to give as to why there's no prominence is in fact all there has to be is a connection between the killing and the robbery. It doesn't have to have been committed by an accomplice. Is that wrong? I think that interpretation is inaccurate, yes, your honor. So you think Lucien itself was adopting the Tejada rule? I do not, your honor. So Tejada, there's a footnote in Tejada that talks about when someone else, so I think, I'm not exactly sure, but I think what's happening here is if someone other than the accomplice commits the murder, then that takes you out of the felony murder rule. So here, defense counsel was trying to say, hey, maybe Alfred Clark did the shooting, okay? So according to Tejada, there would be, I mean, I don't think Tejada changed the felony murder rule as much as my sister is suggesting. But that seems to help your opponent. Because now what you're suggesting is that at the time of the SJC's decision in Lucien, it would have been problematic to omit the element that an accomplice committed the killing. That's incorrect, your honor. At the time of Lucien, that was not the law. That is the law under Tejada. Who promulgated the model jury instructions? I believe that they are officially adopted by the SJC, your honor. Your honor? Did the model jury instructions require there to be a showing that an accomplice committed the murder? No, your honor. Right. So that suggests that at the time, even though Tejada now says, or are you saying that there are some circumstances where a non-accomplice can fall within the felony, killing by a non-accomplice can qualify as felony murder? Because Tejada has that footnote suggestion that there can be some circumstances. That is correct. The circumstance here would not be such a circumstance. That is correct, your honor. So that would be a problem in this case. I disagree. Why not? Because it would mean that in this case, a jury could have found the defendant to have committed felony murder when the evidentiary record would provide a basis for concluding that a non-accomplice did it in a way that would not qualify as felony murder. The evidentiary record does not. Well, it has a non-accomplice arguably having committed the shooting from outside the car, not in a way that conforms to the footnote in Tejada. Your honor, I would suggest that that theory of the case is not the correct way. I mean, right now, if you read the facts of Lushen according to the SJC, I don't think that it reads... I think that you are substituting your version of the facts. No, I'm not adopting them. I'm trying to figure out whether the instruction was a prejudicial one. It was not, your honor. This instruction was correct in all respects according to the SJC. There was nothing incorrect about the felony murder instruction. Take a case in which the exact same facts is in Tejada. Okay. The exact same facts. The thing that the court, the SJC, says those facts cannot qualify as felony murder. Okay. If you have an instruction, which is the model instruction, and a jury convicts, you have to throw it out. If the jury convicts Tejada. In a case just like Tejada. But now you've just said the facts of this case. If you found that the shooting came from outside the car, it would be a fact if one found that. If a jury found that. Yes. And on this record, couldn't a jury have found that? No, your honor. They could not have? No, your honor. As a matter of fact, I suggest you look at the prosecutor's closing argument. And the way that it's set out. He gives you all the theories why this particular victim just to give you an example. The victim is a drug dealer and they know that he's not going to go to the police because he's here illegally. He had been deported and he came back. And so of course he's going to say to the person outside he doesn't think it's one shot. He doesn't even know if he's dying. I urge you to go look at the prosecutor's closing argument and the theory why someone would say that it came from outside the car. The jury couldn't disbelieve that? Well, they could, but the evidence in this case I mean, I think the Commonwealth met their burden and proved that the evidence came from in the car, the way it was shot. That's not the question, whether the prosecution met its burden. Was Clark outside the car at the time of the shooting? According to the evidence, yes. Okay, so did Edwards say a shot came from outside the car and did another witness say he heard two shots? Yes. So could the jury have found that Clark fired into the car? Perhaps trying to help Edwards by getting the defendant? Yes, Your Honor, but that's not what we're here for on habeas review. I mean, could they have found it? Because if the answer is no, you win. If the answer is yes, then there's potential for prejudice so we're interested in the issue. I understand that, but... Go back to the issue. On the model jury instructions, didn't Tejada say they've got to be changed? See, I don't think... How would I say this? Let me ask you a factual question. Did the court in Tejada say that the jury instructions will need to be changed? Yes. Okay, and in this case, which came down before Tejada, did the court suggest there was any problem with the model jury instructions? No. Is that because it was not adopting the Tejada rule? Or because it wrongly thought even though the rule of felony murder was just as Tejada said, the instructions were nonetheless good? Do you understand the difference in those two questions? I do understand the difference, but I understand my problem with the way I answer. I think I would say at the time this case was decided, the SJC did not view there to be a problem with the felony murder rules and when they changed their rule in Tejada, it does not affect this case. So even though Tejada put it as if the rule it was adopting went back to 1863, somehow in one sentence in the SJC's decision, they suddenly reversed course and then Tejada had to correct things again, even though Tejada describes Luchin as not deviating, but as simply implementing. That is correct. It's a little hard to read it that way, isn't it? Your Honor, I urge you to read it that way. Can you mean if I don't? I believe I can, Your Honor. And that's only on the prejudice ground that you were saying that the evidence wouldn't show prejudice? No, Your Honor, because I can't, I don't believe that the petitioner has demonstrated that there was a due process violation in the jury instruction. We are here on habeas review. First of all, jury instructions are usually state law issues. Estelle, McGuire, all those cases talk about the state law issue. If we're going to get into the due process violation, they have not shown some kind of shifting in the burden of proof as according to In Re Winship and Farley in those cases. So for that reason, I would say that I still win. Thank you. Thank you.